Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed by Kembrough in the vice-chancery court at Carrollton, to set up an older entry of a tract of land, made in the office at Columbus against a younger entry and patent for the same land, obtained from the same office. There had been previously an action of ejectment, between the same parties for the land, in the circuit court of Carroll, which had been determined in favor of Hester. The prayer was for an injunction of this judgment, and to set aside the title of the defendant in equity. The court made a decree in favor of the complainant.
There seems to be no doubt, but that Kembrough made the first entry of the land, or rather that Green did, under whom he claims, *660 and obtained the first certificate. By some omission on the part of the register, the entry was not transferred from the registry of certificates, to what is called in-the office, the Tract Book; and hence the land was allowed to be entered a second time. The prior entry gave a prior right, which was' not divested by the subsequent entry and patent. Hence the complainant had the preferable equity.
Our statute directs that “ a certificate of entry shall be taken and received as vesting a full, complete and legal title, so far as to enable the holder to maintain any action thereon, and the same.shall be received in evidence as such, in any court in this state.” Hutch. Code, 859. On the construction of this statute this court has said, “it makes the certificate but a substitute for a better title. It does not profess to place it on an equal footing with a patent. The public lands belong to the United States, and congress has declared what shall be the complete legál title. When that legal title passes, it must be intrinsically superior to a mere entry.”
We cannot say, then, that the trial in ejectment constitutes any impediment to the jurisdiction of chancery in this instance, as the patent is thus determined to be the best legal title, notwithstanding the statute. Indeed, the judgment is not relied on for that purpose, either in the pleadings or upon the argument. We shall not, therefore, raise any question as to the jurisdiction. See Rice v. Railroad Bank, 7 Humph. 42; Galbraith v. Martin, 5 Ib. 50.
The decree is affirmed.